SAN ANTONIO FIREFIGHTERS' ASSOCIATION,
LOCAL 624,
    *Plaintiff*

v.

THE CITY OF SAN ANTONIO, TEXAS, AND
MAYOR RON NIRENBERG, ANDREW SEGOVIA,
RAMIRO SALAZAR, and WILLIAM MCMANUS, in
their official capacities
    *Defendants*

NO. 5:18-CV-00745-XR

## Defendants' Original Answer

To the Honorable Court:

Defendants the City of San Antonio, Texas; Mayor Ron Nirenberg; Andrew Segovia, Ramiro Salazar; and William McManus, in their official capacities file this Original Answer to the Complaint of Plaintiff San Antonio Firefighters' Association, Local 624 and hereby:

1.    DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    DENY the allegations contained in Paragraph 2 of the Complaint.

3.    ADMIT the allegations contained in Paragraph 3 of the Complaint.

4.    ADMIT the allegations contained in Paragraph 4 of the Complaint.

5.    ADMIT the allegations contained in the first and third sentences of Paragraph 5 of the Complaint and DENY the allegations contained in the second sentence of Paragraph 5.

6.    ADMIT the allegations contained in the first and third sentences of Paragraph 6 of the Complaint and DENY the allegations contained in the second sentence of Paragraph 6.

7.    ADMIT the allegations contained in Paragraph 7 of the Complaint.

8.    ADMIT the allegations contained in the first and third sentences of Paragraph 8 of the Complaint and DENY the allegations contained in the second sentence of Paragraph 8.

9. ADMIT that this Court has original jurisdiction of civil matters arising under the laws of the United States, but otherwise DENY the remaining allegations contained in Paragraph 9 of the Complaint.

10. ADMIT the allegations contained in Paragraph 10 of the Complaint.

11. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the first sentence of the allegations contained in Paragraph 11 of the Complaint and ADMIT the allegations in the second sentence of Paragraph 11 of the Compliant.

12. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12 of the Complaint and ADMIT that the allegations in the second sentence of Paragraph 12 of the Complaint generally describe the proposed municipal charter amendments, but the text of the proposed amendments speak for themselves and more fully describe the respective amendments.

13. ADMIT that San Antonio Mayor Ron Nirenberg participated in a press conference and that the quotation in Paragraph 13 includes some, but not all, of Mr. Nirenberg's statements at that press conference, but otherwise DENY the allegations contained in Paragraph 13 of the Complaint.

14. DENY the allegations contained in Paragraph 14 of the Complaint.

15. ADMIT the allegations contained in the first two sentences of Paragraph 15, and DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 15 of the Complaint.

16. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. DENY the allegations contained in Paragraph 18 of the Complaint.

19. DENY the allegations contained in Paragraph 19 of the Complaint.

20.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     ADMIT that this paragraph quotes part of the policies of the San Antonio Public Library, but otherwise DENY the allegations contained in Paragraph 21 of the Complaint.

22.     DENY the allegations contained in Paragraph 22 of the Complaint.

23.     ADMIT that the Great Northwest Library was a polling place on March 6th, election deny and DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24.     ADMIT that this paragraph includes a photograph of a sign that was posted at Great Northwest Library, and otherwise DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     ADMIT that the sign was posted at other library locations and on the City's social media accounts, but DENY the remaining allegations contained in Paragraph 27 of the Complaint.

28.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37 of the Complaint, ADMIT that Paragraph 37 quotes a press release from the San Antonio Public Library, but otherwise DENY the allegations in Paragraph 37 of the Complaint.

38.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 44 of the Complaint.

45. DENY the allegations contained in Paragraph 45 of the Complaint, to the extent it may contain any factual allegation.

46. ADMIT that the individual Defendants are officials of the City of San Antonio acting only in their official capacities, but DENY the remaining allegations contained in Paragraph 46 of the Complaint.

47. DENY the allegations contained in Paragraph 47 of the Complaint.

48. DENY the allegations contained in the first sentence of Paragraph 48 of the Complaint, to the extent it may contain any factual allegation and DENY the remaining allegations contained in Paragraph 48 of the Complaint.

49. DENY the allegations contained in Paragraph 49 of the Complaint.

50. DENY the allegations contained in Paragraph 50 of the Complaint.

51. ADMIT that the Northeast Senior Center serves as a comprehensive resource facility for senior citizens, but DENY the remaining allegations contained in Paragraph 51 of the Complaint.

52. DENY the allegations contained in Paragraph 52 of the Complaint.

53. DENY the allegations contained in Paragraph 53 of the Complaint.

54. DENY the allegations contained in Paragraph 54 of the Complaint.

55. DENY the allegations contained in Paragraph 55 of the Complaint.

56. DENY the allegations contained in Paragraph 56 of the Complaint.

57. DENY the allegations contained in Paragraph 57 of the Complaint.

58. DENY the allegations contained in Paragraph 58 of the Complaint, to the extent it contains any factual allegation.

59. DENY the allegations contained in Paragraph 59 of the Complaint.

60. DENY the allegations contained in Paragraph 60 of the Complaint.

61. DENY the allegations contained in Paragraph 61 of the Complaint.

62. DENY the allegations contained in Paragraph 62 of the Complaint.

63. DENY the allegations contained in Paragraph 63 of the Complaint.

64.     REPEAT and REALLEGE the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 64 of the Complaint.

65.     DENY the allegations contained in Paragraph 65 of the Complaint, to the extent it contains any factual allegation.

66.     DENY the allegations contained in Paragraph 66 of the Complaint, to the extent it contains any factual allegation. Defendants repeat and reallege the responses to every allegation set forth in the paragraphs 48 to 63 in response to the allegations contained in the last sentence of Paragraph 66 of the Complaint.

67.     DENY the allegations contained in Paragraph 67 of the Complaint, to the extent it contains any factual allegation.

68.     DENY the allegations contained in Paragraph 68 of the Complaint, to the extent it contains any factual allegation. Defendants repeat and reallege the responses to every allegation set forth in the paragraphs 61 to 63 in response to the allegations contained in the last sentence of Paragraph 68 of the Complaint.

69.     DENY the allegations contained in Paragraph 69 of the Complaint, to the extent it contains any factual allegation.

70.     DENY the allegations contained in Paragraph 70 of the Complaint.

71.     DENY the allegations contained in Paragraph 71 of the Complaint.

72.     DENY the allegations contained in Paragraph 72 of the Complaint.

73.     DENY the allegations contained in Paragraph 73 of the Complaint.

74.     DENY the allegations contained in Paragraph 74 of the Complaint.

75.     DENY the allegations contained in Paragraph 75 of the Complaint, to the extent it contains any factual allegation.

### Conclusion and Prayer

Defendants deny each and every material allegation not heretofore controverted and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any of the relief requested in Section X(a)–(g) of the Complaint. Defendants therefore pray that this Court enter judgment for

Defendants and against Plaintiff and award Defendants their costs of court and all relief, whether at law or in equity, to which they may show themselves to be justly entitled.

DATED: September 11, 2018

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600
(512) 480-5804 (facsimile)

By: _____/s/ William Christian_____
        William Christian
        Texas State Bar No. 00793505
        wchristian@gdhm.com
        Marianne W. Nitsch
        Texas State Bar No. 24098182
        mnitsch@gdhm.com

Deborah Lynne Klein
State Bar No. 11556750
deborah.klein@sanantonio.gov
OFFICE OF THE CITY ATTORNEY
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, TX 78205
(210) 207-8919 – Phone
(210) 207-4357 – Fax

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David M. Feldman
Cris D. Feldman
William X. King
3355 West Alabama St., Suite 1220
Houston, Texas 77098
cris.feldman@feldman.law
david.feldman@feldman.law
will.king@feldman.law

ATTORNEYS FOR PLAINTIFF

_____/s/ William Christian_____